# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

James Mammone,  Case No. 5:16CV900

    Petitioner

v.  **ORDER**

Charlotte Jenkins, Warden,
  Chillicothe Correctional Institution,

    Respondent

Pending in this capital habeas case under 28 U.S.C. § 2254 is the petitioner's motion to stay proceedings while he returns to the Ohio courts to litigate his "unexhausted" claims. (Doc. 24).

The gravamen of the motion is that petitioner's habeas attorneys have uncovered "new facts supporting claims that were never presented in state court." (*Id.* at 5). The claims petitioner wishes to litigate in state court allege that trial counsel was ineffective for not presenting: 1) petitioner's Autism Spectrum Disorder as mitigation evidence (claim 14, sub-claim A); 2) evidence of petitioner's traumatic childhood and family life in mitigation (claim 14, sub-claim C); and 3) a defense of not guilty by reason of insanity (claim 19).

As I explain below, these claims are not "unexhausted," but procedurally defaulted. Because petitioner "had the opportunity to develop [them] in state court, but did not[,] [a] return to state court to pursue them would be futile and cause unnecessary delay." *Spivey v. Jenkins*, 2017 WL 1113339, *5 (N.D. Ohio) (Pearson, J.).

Accordingly, I deny the motion for a stay.

**Discussion**

Federal habeas relief is unavailable "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

A petitioner satisfies the exhaustion requirement by fairly presenting each claim to the appropriate state courts during a complete round of review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"Claims not first raised in state court are unexhausted and are ordinarily dismissed without prejudice, in order to permit the petitioner the opportunity to pursue them in state court." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). "However, if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review." *Id.* (citations omitted).

Federal law prohibits habeas courts from adjudicating "mixed" petitions – that is, petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). *Rose* requires that petitioners with mixed petitions either abandon their unexhausted claims or dismiss their federal petitions without prejudice to refiling after litigating in state court.

This "'total exhaustion requirement created a dilemma for [some] petitioners [because] a return to state court could result in unexhausted claims becoming time-barred under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations." *Spivey*, *supra*, 2017 WL 1113339 at *6.

To ameliorate the situation, the Supreme Court held in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), that district courts have discretion to stay federal habeas proceedings while the petitioner returns to state court to litigate his unexhausted claims. But the Court emphasized that this procedure

2

was appropriate only when "(1) there was good cause for the petitioner's failure to exhaust claims in state court first; (2) the petitioner's unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics." *Spivey*, *supra*, 2017 WL 1113339 at *6.

### A. Ineffective Assistance re. Autism Spectrum Diagnosis

Sub-claim A of petitioner's fourteenth claim alleges that trial counsel "failed to introduce evidence of [his] Autism Spectrum Disorder." (Doc. 23 at 66). According to the petition, the claim is "[b]ased on Mr. Mammone's history, records, and a diagnostic assessment by neuropsychologist Diane Mosnik." (*Id.*, ¶162).

Petitioner asserts that this claim is unexhausted, but that is not correct.

Although petitioner did not raise this claim either on direct appeal, *State v. Mammone*, 139 Ohio St. 3d 467 (2014), or during postconviction review, *State v. Mammone*, 2012-Ohio-3546 (Ohio App.), that does not necessarily mean the claim is unexhausted. Rather, the claim would be unexhausted only if there were some state-court process by which the petitioner could litigate this claim now.

But no such process exists because the evidence on which the claim rests is not "new."

The two state-court processes theoretically open to petitioner are a successive postconviction petition and a delayed motion for a new trial. (Doc. 27 at 3) (petitioner arguing that he could litigate his "new" ineffective-assistance claims in either proceeding).

To file a successive postconviction petition, petitioner would have to show, *inter alia*, that he was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief." O.R.C. § 2953.23(A)(1)(a). Similarly, to file a delayed motion for a new trial,

3

petitioner would need to show "by clear and convincing evidence that [he] was unavoidably prevented from the discovery of the evidence upon which" his motion rests. Ohio Crim. R. 33(B).

Here, however, the factual predicate of this *Strickland* claim – the existence of petitioner's alleged Autism Spectrum Disorder – was available, and likely already in the hands of the defense, at trial: as petitioner explains, the source of this claim is petitioner's "history" and "records." (Doc. 23 at 66, ¶162).

To be sure, Dr. Mosnik's 2017 forensic evaluation making the diagnosis is "new" in the sense that, having been prepared only last year, it did not exist at the time of the 2010 trial.

Nevertheless, all of the materials on which Mosnik based her opinion – with the exception of her interview and testing of petitioner in 2017 – were available to the defense at trial (and during postconviction proceedings). (Doc. 23–1 at 2–3) (list of 22 items Mosnik reviewed, none of which is dated after the conclusion of postconviction proceedings).

At trial, moreover, the defense engaged Dr. Jeffrey Smalldon, "a psychologist who testified as a defense expert during the mitigation phase." *Mammone*, *supra*, 139 Ohio St. 3d at 495. Dr. Smalldon conducted an "extensive and wide-ranging psychological evaluation of Mammone" before trial that included "cognitive and neuropsychological testing." *Id.* at 514, 515. To the extent that petitioner's medical records might have supported a finding of Autism Spectrum Disorder, that evidence was there for the taking.

In sum, petitioner failed to present this ineffective-assistance claim to the Ohio courts, and the Ohio courts would not permit him to litigate that claim now. Accordingly, the claim is procedurally defaulted, not unexhausted, and it provides no basis for a stay under *Rhines*.

## B. Ineffective Assistance re. Traumatic Upbringing

In sub-claim C of his fourteenth claim, petitioner alleges that trial counsel was ineffective for not presenting testimony about his mother's family "or any of the abuse that she suffered at the hands of her father[.]" (Doc. 23 at 69, ¶174). Petitioner also faults counsel for not calling his uncle, Stephen DeOrio, to offer similar testimony in mitigation. (*Id.* at 74, ¶¶192–99).

This claim, too, is procedurally defaulted rather than unexhausted.

Although petitioner did not raise this claim in state court, its factual predicate was available to him at trial. For one thing, the "new" evidence on which petitioner relies consists only of affidavits from his mother and uncle recounting events that occurred before trial, and to which his mother and uncle could have testified in 2010. (Doc. 23–3; Doc. 23–4). For another, petitioner argued on direct appeal that trial counsel was ineffective for not preparing his mother to offer convincing mitigation testimony. *Mammone*, *supra*, 139 Ohio St. 3d at 501–02.

These considerations show that nothing prevented petitioner from discovering the factual predicate of this claim at trial or during postconviction review. Accordingly, the evidence petitioner "seeks to present to support th[is] claim[ ] w[as] available at his trial and post-conviction proceedings, and [is] not 'new.' The claim[,] therefore, [is] not unexhausted, but procedurally defaulted." *Spivey*, *supra*, 2017 WL 1113339 at *9.

## C. Ineffective Assistance re. Insanity Defense

Finally, in claim nineteen, petitioner alleges that trial counsel was ineffective for failing to present a defense that he was not guilty by reason of insanity. (Doc. 23 at 107). According to petitioner, counsel "should have been aware of Mr. Mammone's prior medical diagnoses" supporting that defense. (*Id.* at 108, ¶275).

This claim, like the others at issue, depends on evidence that was available to the defense at trial. For example, petitioner argues that the defense expert, Dr. Smalldon, "neglected to appreciate *important information in Mr. Mammone's history and presentation*, resulting in an inaccurate diagnosis of his condition." (*Id.* at 109, ¶276) (emphasis supplied). Likewise, petitioner maintains that Smalldon's testimony was generally inconsistent with "*prior clinical diagnoses* given to Mr. Mammone." (*Id.*) (emphasis supplied).

Nevertheless, petitioner never raised this claim in state court, and it is too late to do so now. *Spivey*, *supra*, 2017 WL 1113339 at *9–10.

That petitioner has obtained "new" evidence to support this claim – Dr. Mosnik's evaluation, which relies almost entirely on the same evidence available to the defense at trial – does not mean his claim is unexhausted. As the Circuit explained in *Carter v. Mitchell*, 829 F.3d 455, 469 (6th Cir. 2016), "[a]llowing a petitioner periodically to discover (or rediscover) information about himself would frustrate [AEDPA's purpose of achieving finality], and could incentivize capital defendants to deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." (Internal quotation marks and citation omitted).

**Conclusion**

It is, therefore,

ORDERED THAT the motion for a stay of these habeas proceeding (Doc. 24) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr<br>
Sr. U.S. District Judge