# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

James Mammone,                                    Case No. 3:16CV900

         Petitioner

         v.                                          **ORDER**

Charlotte Jenkins, Warden,

         Respondent

This is a capital habeas case in which, on October 9, 2019, I entered judgment denying habeas relief and certified several claims for appeal. *Mammone v. Jenkins*, 2019 WL 5067866 (N.D. Ohio 2019).

The petitioner, James Mammone, has since filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) as well as a second motion for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (Docs. 45, 46). The Warden opposes both motions (Docs. 47, 48), and petitioner has filed replies (Docs. 49, 50).

For the following reasons, I deny the motions.

## A. Rule 59(e) Motion

Mammone's motion to alter the judgment focuses on three claims of ineffective assistance of trial counsel: 1) ineffective assistance at the guilt phase for failing to raise a defense of not guilty by reason of insanity (NGRI); and ineffective assistance at sentencing for 2) failing to introduce evidence of Mammone's Autism Spectrum Disorder and 3) not adequately preparing two mitigation witnesses to testify effectively. (Doc. 46, PageID 11884–87).

I held that Mammone had defaulted each of these claims by not raising them on direct appeal or in his postconviction petition. *Mammone*, *supra*, 2019 WL 5067866 at *34–36, 46–49, 51–52.

Responding to Mammone's argument that I should excuse his defaults under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), I recognized that the Sixth Circuit had held that *Martinez* did not apply to Ohio habeas cases, but that it was an open question whether *Trevino* applied. *Mammone*, *supra*, 2019 WL 5067866 at *35. I therefore assumed, *arguendo*, that *Trevino* applied, but concluded that the defaults were not excusable because none of the defaulted *Strickland* claims was substantial. *Id.* at *36, 47–48, 51–52. Finally, I determined that the NGRI claim failed under de novo review. *Id.* at *36–39.

The day before I issued my decision, however, the Sixth Circuit held in *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), that the rule of *Trevino* does apply to Ohio habeas cases. Relying on *White*, petitioner urges me to vacate the judgment and "order discovery and a hearing on his *Martinez-Trevino* procedural default argument." (Doc. 46, PageID 11888).[1]

Although a change in controlling law is a proper ground for seeking to alter or amend a judgment, petitioner's motion here has no merit. My decision assumed that *Trevino* applied to petitioner's case, but I found that petitioner could not excuse his defaults under the *Trevino* framework because his underlying ineffective-assistance claims were insubstantial. Nothing in *White* casts doubt on that conclusion.

In any event, even assuming that petitioner could excuse his defaults under *Trevino*, that would not change the result here.

---

[1] The parties understandably did not call the decision to my attention, nor was I aware of *White* when I finalized the order denying habeas relief.

First, I held that the ineffective-assistance claim predicated on counsels' failure to pursue an NGRI defense failed under de novo review. *Mammone*, *supra*, 2019 WL 5067866 at *36–39.

Second, although I did not reach the merits of the other two ineffective-assistance claims at issue, I did find that they were not "substantial" for purposes of the *Trevino* rule. *Id.* at *47–49, 51–52. I have since reviewed my decision to that effect, as well as the parties' briefs – which argued the merits of Mammone's claims. For the same reasons set forth in my decision denying the petition, I now conclude that Mammone's claims that trial counsel were ineffective for not introducing evidence of his Autism Spectrum Disorder, and for failing to prepare two mitigation witnesses to testify more effectively, also fail under de novo review.

Because there is no merit to the underlying *Strickland* claims, there is no basis for granting petitioner the relief he seeks by way of the Rule 59 motion: discovery and a hearing to determine if I should excuse his defaults under *Trevino*. Accordingly, I deny the motion to alter or amend the judgment.

### B. Motion to Stay

Mammone also asks me to pause these habeas proceedings so that he can litigate in state court the three ineffective-assistance claims at issue in his Rule 59 motion. (Doc. 45, PageID 11811–12).

Mammone made this same request in his first motion for a stay, which he filed in December, 2017. (Doc. 24). He argued that these claims were unexhausted, and that he had recently discovered new evidence to support them. I concluded, however, that the claims were exhausted and procedurally defaulted because he could have raised the claims in state court at an earlier juncture, and that state law now barred him from doing so. *Mammone v. Jenkins*, 2018 454432, *2–3 (N.D. Ohio 2018).

In September, 2019 (and without advising this court), Mammone filed a successive postconviction petition in the Common Pleas Court of Stark County, Ohio. (Doc. 45–1). According to that court's online docket, the State of Ohio filed a motion to dismiss the petition on November 8, 2019, and Mammone filed a reply on December 2, 2019.

Given the pending state-court proceedings, Mammone argues that I should stay the case and permit him to "litigate claims that are already pending in state court." (Doc. 45, PageID 11810). Several considerations lead me to conclude for a second time that a stay is not appropriate.

First, I have already concluded that the claims at issue are both procedurally defaulted and meritless under a de novo standard of review. I therefore find that the claims are neither "unexhausted" nor "potentially meritorious." *Rhines*, *supra*, 544 U.S. at 277.

Second, the record refutes Mammone's argument that he has not pursued "intentionally dilatory litigation tactics." *Id.*

Despite first moving for a stay in November, 2017, and having in his possession at that time much, and seemingly all, the new evidence on which his successive petition rests, Mammone waited nearly twenty months before filing that petition in state court. To a large extent, the claims as pleaded in the successive petition essentially repeated, sometimes verbatim, the claims and arguments Mammone raised in his § 2254 petition. Finally, once the successive petition was on file in state court, Mammone waited nearly three more months before alerting me to that fact and moving for a stay (after entry of final judgment, moreover).

In these circumstances, and in the absence of any convincing explanation of the delay from Mammone (he argues only that it was difficult to litigate the habeas petition in accordance with my scheduling order while also pursuing and preparing the postconviction petition, Doc. 50,

4

PageID 11907–08), I find that Mammone's litigation tactics represent a rather transparent, if entirely understandable, attempt to avoid finality in this case and postpone the execution of his sentence.

Accordingly, I deny the motion for a stay.

## Conclusion

It is, therefore,

ORDERED THAT petitioner's motions for a stay (Doc. 45) and to alter or amend the judgment (Doc. 46) be, and the same hereby are, denied.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge